**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:01-CR-02-007 |
| | § | |
| ERICK DEWAYNE AUSTIN | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

On October 11, 2011 the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Erick Dewayne Austin. The government was represented by Bill Baldwin, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

Defendant originally pleaded guilty to the offense of Possession with Intent to Distribute Cocaine Base, a Class B felony on July 16, 2001. The offense carried a statutory maximum imprisonment term of forty (40) years. The United States Sentencing Guideline range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. On July 16 2001, District Court Judge T. John Ward of the Eastern District of Texas sentenced Defendant to 84 months imprisonment to be followed by four (4) years supervised release subject to the standard conditions of release, plus special conditions to include access to any requested financial information and substance abuse testing and treatment. On March 6, 2008, the imprisonment term was reduced to seventy (70) months. On March 14, 2008, Defendant completed his period of imprisonment and began service of the supervision term.

In its petition, the government alleges that Defendant violated his conditions of supervised release by failing to submit a monthly report for the month of March 2011 and by failing to report

to the probation office on May 24, 2011 and June 10, 2011 as directed by his probation officer. The government also alleges that Defendant failed to notify the probation office of his change in residence. These allegations, if true, constitute a Grade C violation.

If the Court finds by a preponderance of the evidence that Defendant committed a Grade C violation, a statutory sentence of no more than three (3) years of imprisonment may be imposed. 18 U.S.C. § 3583(e)(3). Pursuant to § 7B1.3(a)(2) of the Sentencing Guidelines, violating a condition of supervision by committing a Grade C violation allows the Court to revoke probation or supervised release or extend the terms of supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B3.1(a)(2). Considering Defendant's criminal history category of IV, the Guideline imprisonment range for a Grade C violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the above-referenced conditions of supervision. The parties agreed on a sentence of four (4) months including time served from September 28, 2011 with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984 and the agreement of the parties, the Court **RECOMMENDS** Defendant Erick Dewayne Austin be committed to the custody of the Bureau of Prisons for a term of imprisonment of four (4) months including time served from September 28, 2011 with no supervised release to follow. The Court further **RECOMMENDS** that the place of confinement be FCI Seagoville, Texas.

The parties have waived their right to object to the finding of the Magistrate Judge in this matter so this Report and Recommendation will be presented to Chief District Judge David Folsom for adoption immediately upon issuance.

**So ORDERED and SIGNED this 12th day of October, 2011.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE